■ Francesco C. Clark, Respondent, v F. Cappy Kaplan et al., Defendants, and Island Properties Real Estate & Management Corp., Appellant. (And a Third-Party Action.) [851 NYS2d 10]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about February 5, 2007, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Island Properties Real Estate & Management Corp. for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of said defendant dismissing the complaint as against it.

Defendant, the managing agent of real property on which plaintiff sustained personal injuries diving into a swimming pool, established its entitlement to summary judgment by tendering evidence demonstrating that its unwritten property management services agreement was not comprehensive and exclusive, so as to entirely displace the owner's duty to maintain the premises, or the pool alone, in a reasonably safe condition (see Jackson v Board of Educ. of City of N.Y., 30 AD3d 57, 65 [2006]; Hopper v Regional Scaffolding & Hoisting Co., Inc., 21

AD3d 262, 263 [2005], *lv denied* 6 NY3d 806 [2006]), and that it did not have "complete and unfettered authority" to repair the defective underwater pool light (*Tushaj v Elm Mgt. Assoc.*, 293 AD2d 44, 48 [2002]). Pursuant to the agreement, defendant had a duty to report complaints from tenants to the owner, but lacked the broad authority to make all necessary repairs or to resolve tenant complaints without a special arrangement with the owner, and the owner retained the primary duty to make repairs and safely maintain the premises. The record demonstrates that defendant fulfilled its contractual obligation by informing the owner of tenant complaints about the defective pool light, and that the owner told defendant she was working on having the light repaired and did not believe it was defendant's responsibility to do so. Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.