ROSENBAUM, ROSENFELD & SONNENBLICK, LLP, et al., Respondents, v EXCALIBUR GROUP NA, LLC, et al., Defendants, and A SUPERIOR SERVICE AND REPAIR CO., INC., Appellant. THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, as Subrogee of Rosenbaum, Rosenfeld, Sonnenblick, LLP, Respondent, v A SUPERIOR SERVICE AND REPAIR Co., INC., Appellant, and EXCALIBUR GROUP NA LLC, Respondent, et al., Defendant. FEDERAL INSURANCE COMPANY, as Subrogee of Rosenbaum, Rosenfeld & Sonnenblick, LLP, Respondent, v A SUPERIOR SERVICE AND REPAIR Co., INC., Appellant, and EXCALIBUR GROUP NA LLC, Respondent, et al., Defendant. [45 NYS3d 37]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered April 16, 2015 (index Nos. 150153/11 and 150405/13) which, to the extent appealed from as limited by the briefs, denied defendant A Superior Service and Repair Co., Inc.'s (Superior) motions for summary judgment dismissing the claims for negligence and cross claims for common-law indemnification and contribution, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly. Order, same court (Donna M. Mills, J.), entered May 13, 2015 (index No. 150083/14) which, to the extent appealed from as limited by the briefs, denied defendant Superior's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims as against it, or pursuant to CPLR 3211 (c) to convert the motion to one for summary judgment, unanimously reversed, on the law, without costs, and the motion to dismiss granted. The Clerk is directed to enter judgment accordingly.

Where Superior contracted to do specific, limited plumbing work, its failure to detect and/or correct an improper connection between a sanitary line and the storm water stack outside the scope of its contract and outside the area of its work did not launch a force or instrument of harm for which it may be liable (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]), and the expert affidavits submitted by plaintiffs in the subrogation actions fail to raise an issue of fact as to whether Superior had a duty to detect and/or correct such a connection.

In the absence of a contract for routine maintenance, an independent contractor has no duty to inspect or warn of purported defects (*Daniels v Kromo Lenox Assoc.*, 16 AD3d 111, 112 [1st Dept 2005]). Moreover, it is well-established that a contractor or builder may rely on the plans and specifications that it contracted to follow "unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]).

The experts' assertions, without reference to any authority or industry standard, that Superior should have verified the accuracy of connections in an area away from its work, performed "industry-wide testing" not included in its contract, and conducted an independent survey of the building's plumbing to discover the improper connection or alleged discrepancies in the plumbing drawings is conclusory (*see Solis v 32 Sixth Ave. Co. LLC*, 38 AD3d 389 [1st Dept 2007]). Accordingly, Supreme Court should have granted Superior's motions for

summary judgment dismissing the complaint and cross claims for common-law indemnification and contribution against it in the subrogation actions.

Similarly, Supreme Court should have granted Superior's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and cross claims against it in the action by the insured and another tenant and landlord of the building for essentially the same reasons, although the analysis is different because of the procedural posture. In support of its motion to dismiss, Superior submitted, inter alia, its contract for the work and the plumbing drawings it contracted to follow, which was supplemented by the deposition testimony of Superior's president and his affidavit in which he further described the work, which is not in dispute. Such documentary evidence conclusively established that Superior had no duty to detect, modify, or alter the improper connection.

It was thus incumbent on the plaintiffs, in order to preserve their pleading, to submit affidavits or other materials to establish that Superior had a duty to detect and/or correct the improper connection outside the scope of its contract (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). In this regard, they relied on the affidavits of the plaintiffs' experts in the subrogation actions. For the reasons discussed above, however, such affidavits fail to raise an issue of fact as to whether some standard exists that imposed a duty on Superior to detect and/or correct the improper connection. Concur— Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.