Pollock v Cushman & Wakefield, Inc. (2022 NY Slip Op 06183)

Pollock v Cushman & Wakefield, Inc.

2022 NY Slip Op 06183

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 153824/16 Appeal No. 16583 Case No. 2021-03521 

[*1]Francis Pollock, Plaintiff-Respondent,
v
Cushman & Wakefield, Inc., Defendant-Appellant, National Roofing Partners et al., Defendants.
Cushman & Wakefield, Inc., Third-Party Plaintiff-Appellant,
v
Verizon New York, Inc., et al, Third-Party Defendants.

McGaw & Alventosa, Jericho (Mary C. Azzaretto of counsel), for appellant.
Kazmierczuk & McGrath, Forrest Hills (Joseph Kazmierczuk of counsel), for respondent.

Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered August 27, 2021, which, to the extent appealed from, denied defendant/third-party plaintiff Cushman & Wakefield, Inc.'s (C&W) motion for summary judgment dismissing the common-law negligence claim against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of C&W dismissing the complaint against it.
Plaintiff, an elevator technician, alleges that he sustained injuries when he slipped and fell from an A-frame ladder, which was placed on top of an out-of-service elevator car inside the elevator shaft, due to water leaking from the roof. Third-party defendants Verizon New York, Inc. and Verizon Sourcing LLC (Verizon), plaintiff's employer, owned the building. C&W was Verizon's property manager pursuant to a "Master Services Agreement" (MSA) between the parties. Plaintiff claims that C&W's failure to fulfill its contractual obligation to repair the roof caused the leak.
While a contractual obligation will generally not give rise to tort liability in favor of a third party, a party who enters into a contract to render services "may be said to have assumed a duty of care — and thus be potentially liable in tort — to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launches a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal citations and brackets omitted]). Here, the record established that none of the three exceptions to the general rule applied to give rise to a duty of care on C&W's part.
First, there was no evidence that C&W launched a force or instrument of harm by creating the leak or undertaking any actions that exacerbated the dangerous condition. Further, it cannot be said that plaintiff detrimentally relied on C&W's continued performance of its contractual duty to repair the roof, as there was no evidence that he knew of this contractual obligation, and he was aware that repairs had to first be approved by Verizon. Moreover, it cannot be concluded that C&W entirely displaced Verizon's duty to maintain the roof area safely, given the evidence establishing that Verizon retained control over roof repairs (see Clark v Kaplan, 47 AD3d 462, 462-463 [1st Dept 2008], lv denied 11 NY3d 701 [2008]). Although paragraph 2.9.1.2 of the MSA provided that C&W was to maintain and repair all roof areas, the deposition testimony established that the parties did not adhere to this contractual provision. Rather, Verizon employees performed roof repairs and, although C&W was charged with retaining vendors to perform the work if Verizon could not resolve the issue, the vendors and [*2]pursuant to Section 20.9 of the MSA any expenses for repairs must first be approved by Verizon before any work may be undertaken.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022