Jones v Vornado N.Y. RR One L.L.C. (2024 NY Slip Op 00134)

Jones v Vornado N.Y. RR One L.L.C.

2024 NY Slip Op 00134

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 159102/15 Appeal No. 1398 Case No. 2022-05650 

[*1]Christian Jones et al., Plaintiffs-Appellants-Respondents,
v
Vornado New York RR One L.L.C., et al., Defendants, Consolidated Edison Company of New York, Inc., Defendant-Respondent-Appellant, Board of Managers of the Tower 53 Condominium et al., Defendants-Respondents. [And a Third-Party Action]

Rosenberg Minc Falkoff & Wolff, LLP, New York (Steven C. Falkoff of counsel), for appellants-respondents.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent-appellant.
Sjoquist Law Offices, New York (Kiel M. Doran of counsel), for respondents.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about December 6, 2022, which, to the extent appealed from, granted the motion of defendants Board of Managers of the Tower 53 Condominium and Pride Property Management, Corp. for summary judgment dismissing all claims and cross-claims against them, unanimously modified, on the law, the motion denied except as to the cross-claim by defendant Consolidated Edison Company of New York, Inc. (Con Ed) for indemnification, and otherwise affirmed, without costs.
Plaintiffs commenced this action to recover for personal injuries and loss of consortium sustained when plaintiff Christian Jones tripped over a manhole cover that had been removed from its mount and placed on the sidewalk abutting the building owned and managed by the Board of Managers of the Tower 53 Condominium (Tower) and Pride Property Management, Corp. (Pride). Tower and Pride moved for summary judgment, arguing that Con Ed was exclusively responsible for maintaining and removing its manhole cover under 34 RCNY 2-07(b)(1), and Tower and Pride were prohibited by law from moving the cover by Administrative Code of City of NY § 10-118.1. Supreme Court granted Tower and Pride's motion, holding that a plain reading of the statute indicated that 34 RCNY 2-07(b) encompassed manhole covers that had been placed on the street or sidewalk.
Pursuant to Administrative Code § 7-210(a) and (b), a landowner has a duty to maintain and repair sidewalks abutting its premises in a reasonably safe condition (see also Storper v Kobe Club, 76 AD3d 426, 427 [1st Dept 2010]). Although 34 RCNY 2-07(b) provides an exception to the landowner's liability with respect to covers and their surrounding street areas, imposing the duty of maintenance on the owner of the cover, we conclude that the statute does not expressly shift liability for accidents involving removed or unmounted manhole covers (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]). The statutory language contemplates the inspection and maintenance of covers and gratings set into the street or sidewalk surface, covering underground equipment or facilities (see also Hurley v Related Mgt. Co., 74 AD3d 648, 649 [1st Dept 2010]). Administrative Code § 10-118.1, which criminalizes the theft and transportation of manhole covers, did not prevent Tower and Pride from exercising control over the sidewalk and taking steps to remedy the potential danger presented by the presence of the manhole cover on the sidewalk (see Doyley v Steiner, 107 AD3d 517, 519 [1st Dept 2013]).
Because 34 RCNY 2-07(b) does not apply, the court erred in dismissing the claims against Tower and Pride. Tower and Pride did not meet their prima facie burden on summary judgment by establishing that they lacked actual or constructive knowledge of the dangerous condition presented by the errant manhole cover (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Ferguson v City of New York, [*2]210 AD3d 527, 528 [1st Dept 2022]). In addition, issues of fact exist as to whether Pride, as the building managing agent, could be held liable for failing to remedy the potentially hazardous situation posed by the manhole cover (see Stevanovic v T.U.C. Mgt. Co., 305 AD2d 133, 134 [1st Dept 2003]). The contract between Tower and Pride afforded Pride broad authority to ensure the common areas of the interior and exterior of the building were properly cleaned and maintained, without requiring prior authorization or permission from Tower (see Clark v Kaplan, 47 AD3d 462, 463 [1st Dept 2008]).
Because Con Ed did not oppose Tower and Pride's motion for summary judgment
dismissing its cross-claim for indemnification, the cross-claim was properly dismissed (see Bonventre v Soho Mews Condominium, 173 AD3d 411, 412 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024