Sanchez v Bronx United in Leveraging Dollars, Inc. (2025 NY Slip Op 00493)

Sanchez v Bronx United in Leveraging Dollars, Inc.

2025 NY Slip Op 00493

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 24937/16 Appeal No. 3594 Case No. 2023-06244 

[*1]Carmen Sanchez, Plaintiff-Appellant,
v
Bronx United in Leveraging Dollars, Inc., et al., Defendants-Respondents. [And a Third-Party Action]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Kennedys CMK, LLP, New York (Hilary F. Simon of counsel), for Bronx United in Leveraging Dollars, Inc. and Dougert Management Corporation, respondents.
Law Offices of Brian Rayhill, Elmsford (Kathryn Cafaro of counsel), for Bruckner Plumbing, Ltd, respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 12, 2023, which, to the extent appealed from as limited by the briefs, granted defendant/third-party defendant Bruckner Plumbing, Ltd., and defendants/third-party plaintiffs Bronx United in Leveraging Dollars, Inc. and Dougert Management Corporation (the Building defendants)'s motions for summary judgment dismissing the complaint as against all defendants and all cross-claims asserted against them, unanimously affirmed, without costs.
In this action for personal injuries, plaintiff alleges that on January 17, 2016, she slipped and fell because there was water on her bathroom floor inside her apartment. Defendants/third-party plaintiffs Bronx United in Leveraging Dollars, Inc. and Dougert Management Corporation, are the owner and managing agent. Defendant/third-party defendant Bruckner Plumbing, Ltd was retained by the building defendants to repair a water pipe that burst in plaintiff's bathroom about a week before the accident on January 8, 2016, and inspected the bathroom the day after plaintiff fell on January 18, 2016. The Bruckner plumber who inspected the bathroom on January 18, 2016, testified that the water on the floor was most likely due to an ineffective shower curtain, which plaintiff did not refute, as she was unable to identify the source of the water that caused her accident.
Initially, plaintiff does not claim that the building defendants caused the alleged water condition. Furthermore, plaintiff failed to rebut Bruckner Plumbing's prima facie showing that its employees did not launch a force or instrument of harm by negligently repairing the pipe that burst in her bathroom on January 8, 2016. Plaintiff's deposition testimony establishes that after the pipe was repaired, she did not see water on the floor and did not complain to defendants about her apartment's plumbing until after the accident (see Pollock v Cushman & Wakefield, Inc., 210 AD3d 446, 447 [1st Dept 2022]). In the absence of a contract for routine maintenance, Bruckner Plumbing, as an independent contractor, had no duty to inspect or warn of purported defects (see Rosenbaum, Rosenfeld & Sonnenblick, LLP v Excalibur Group NA, LLC, 146 AD3d 489, 490 [1st Dept 2017]).
Nor has plaintiff rebutted defendants' prima facie showing that they lacked actual notice of the water on plaintiff's bathroom floor before her accident (see Matcovsky v Days Hotel, 10 AD3d 557, 558 [1st Dept 2004]). Plaintiff's deposition testimony offered in support of defendants' motions shows that she never complained that there was water on her bathroom floor or about the "small black stains" forming in her bathroom before she slipped and fell on water on January 17, 2016 (see Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]). Bruckner Plumbing further demonstrated that it lacked actual notice that there was any issue with the plumbing work it performed to plaintiff's bathroom on January 8, 2016, about a [*2]week before the accident, by submitting Colderbanks's affidavit averring that the company received no complaints about its work after that repair was completed (see Barreto v 750 Third Owner, LLC, 194 AD3d 441, 442 [1st Dept 2021]).
Contrary to plaintiff's contention, the complaint was properly dismissed against defendants on the issue of whether they had constructive notice. The record demonstrates that the complained-of hazard, water on plaintiff's bathroom floor, was not visible and apparent, much less visible and apparent for a sufficient period to permit its discovery and remediation (see Guttierez v Lenox Hill Neighborhood House, 4 AD3d 138, 139 [1st Dept 2004]). Plaintiff testified at her deposition that she never saw water on her floor before her accident (see Viera v Riverbay Corp., 44 AD3d 577, 579 [1st Dept 2007]).
Plaintiff also failed to raise an issue of fact with respect to whether the water that caused her to slip and fall was an ongoing and recurring dangerous condition which was routinely left unaddressed by the building defendants (see Perez v River Park Bronx Apts., Inc., 168 AD3d at 466). The record shows that after a water pipe burst in plaintiff's bathroom on January 8, 2016, it was repaired that day, and plaintiff's deposition testimony establishes that she never saw water on her bathroom floor until after the accident (see Richardson v S.I.K. Assoc., L.P., 102 AD3d 554 [1st Dept 2013]; Early v Hilton Hotels Corp., 73 AD3d 559, 562 [1st Dept 2010]).
Plaintiff's claim that the building defendants failed to establish their entitlement to summary judgment because they presented no evidence that they had a program to inspect the concealed water pipes in her bathroom despite being aware that they could deteriorate is unpersuasive. Plaintiff submitted no evidence demonstrating that the building defendants violated their duty of reasonable care because there was an object capable of deteriorating and leaking water into her bathroom that was concealed from view which would have been uncovered by routine inspection (see Singh v United Cerebral Palsy of N.Y. City, Inc., 72 AD3d 272, 276 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025