| |
|---|
| **Juarez v Levitt** |
| 2025 NY Slip Op 32251(U) |
| June 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154268/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAVID B. COHEN**                    PART          58
                                              *Justice*

-------------------------------------------------------------------------------X

HUGO SEBASTIAN JUAREZ,

                    Plaintiff,

             - v -

JEFFREY A. LEVITT, AS TRUSTEE OF RHFT
INVESTMENT TRUST, JACQUES GRANGE,
INC.,EUROSTRUCT, INC.,

                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154268/2020 |
| MOTION DATE | 07/17/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 113, 114, 115, 116, 117, 118

were read on this motion to/for _____DISMISSAL_____ .

    In this Labor Law action, defendant Eurostruct, Inc. moves pursuant to CPLR 3211(a)(1)

and (7) for an order dismissing the complaint against it.

    The salient facts in this action are set forth in a decision and order dated April 19, 2024,

on defendant Jacques Grange, Inc.'s (JGI) motion for summary judgment. As discussed therein,

plaintiff was injured on March 12, 2020, when he fell off a ladder while working at a building

located at 33 West 12th Street in Manhattan (premises). At the time, he was employed by and

working for non-party Atelier Premiere, and was supervised only by Atelier employees, who also

provided him with his equipment, including the ladder at issue (NYSCEF 88).

    Defendant Levitt, as trustee of RHFT Investment Trustee, testified at a deposition that the

Trust purchased the premises in 2014. According to the testimony of an employee of JGI, the

Trust hired Eurostruct as the general contractor for the project at issue (*id.*).

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  004**

**Page 1 of 4**

[* 1]

Pursuant to CPLR 3211(a)(1), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the grounds that ... a defense is founded upon documentary evidence[.]"

Dismissal is "warranted only if documentary evidence submitted utterly refutes plaintiff's factual allegations, and conclusively establishes a defense to the asserted claims as a matter of law" (*Kolchins v Evolution Markets, Inc.*, 128 AD3d 47 [1st Dept 2015], *affd*, 31 NY3d 100 [2018] [internal quotations omitted]).

Eurostruct submits several affidavits in support of its motion. In one affidavit, one of its owners and principals denies that Eurostruct owned, maintained, or managed the premises, and avers that it is a general contractor that performed services at the premises more than four months after the date of plaintiff's accident. On the accident date, it was performing no work at the premises and had no employees there. Prior to the accident, it had installed a pocket door at the premises in January 2020. The affiant also denies that it hired Atelier to perform work at the premises (NYSCEF 101).

A project manager employed by Eurostruct confirms in his affidavit that the pocket door was installed in January 2020, and that no other work was performed at the premises until months after the accident. He submits a copy of a contract and emails between Eurostruct and the occupants of the premises, which reflect that it was retained to perform work beginning after July 31, 2020 (NYSCEF 106).

Finally, Eurostruct submits the affidavit from one of the premises's occupants, in which he asserts that Eurostruct was not on the jobsite and did not hire Atelier on or before the accident date. He observes that he previously testified at his deposition that Eurostruct was not hired to

**154268/2020 JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS** **Page 2 of 4**
Motion No. 004

2 of 4

[* 2]

perform work until July 2020, and that the only work it performed before the accident was the installation of a pocket door. He also submits invoices he received from Atelier (NYSCEF 110).

Eurostruct thus demonstrates that it was neither an owner nor general contractor, or statutory agent thereof, and thus cannot be held liable under the Labor Law (*Rodriguez v Riverside Ctr. Site 5 Owner LLC*, 234 AD3d 623 [1st Dept 2025] [Labor Law only applies to owners, general contractors, and their statutory agents]). Nor can it be held liable for common-law negligence as there is no evidence that it was present at the premises when plaintiff was injured or that it hired Atelier.

In opposition, plaintiff fails to demonstrate that he stated a valid cause of action against Eurostruct. While affidavits, in and or themselves, do not qualify as documentary evidence pursuant to CPLR 321(a)(1), here the affiants provided supporting documentation, such as emails, invoices, and contracts (*see Art and Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436 [1st Dept 2014] [emails may constitute documentary evidence]; Lopez v 157-161 E. 28th St., LLC, 209 AD3d 495 [1st Dept 2022] [defendants submits affidavits and documentary evidence showing that entity was plaintiffs' employer]).

Moreover, the owner's deposition and the above evidence conclusively demonstrate that Eurostruct was performing no work at the premises at the time of plaintiff's accident, was not the general contractor on the project at issue, and did not hire Atelier to perform work (*see Grandelli v City of New York*, 237 AD3d 534 [1st Dept 2025] [documentary evidence and deposition testimony conclusively refuted allegations in complaint]; *Ruiz v 829 Realty LLC*, 198 AD3d 581 [1st Dept 2021] [documentary evidence utterly refuted allegations in complaint]; *Rosenbaum, Rosenfeld & Sonneblick, LLP v Excalibur Group NA, LLC*, 146 AD3d 489 [1st Dept 2017] [in support of motion to dismiss, defendant submitted contract for work and drawings, along with

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
  **Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

deposition testimony of its president and his affidavit in which he further described defendant's work, and thus documentary evidence conclusively established that defendant did not perform or have duty to perform work at issue]).

The only contrary evidence relied on by plaintiff is JGI's deposition testimony, which is contradicted by the other evidence submitted by Eurostruct, especially the testimony of the premises owner himself, who explicitly controverts JGI's testimony, and, unlike JGI, was able to substantiate his testimony by other documents (*see e.g. Cohen v Getzel*, 205 AD3d 52 [1st Dept 2022] [plaintiff's affidavit in opposition to motion to dismiss did not refute defendant's affidavit and email]). The absence of any evidence to support plaintiff's claim against Eurostruct is particularly striking here as plaintiff already obtained discovery and deposition testimony from the other defendants. Eurostruct is thus entitled to dismissal of the complaint against it.

Accordingly, it is hereby

ORDERED that defendant Eurostruct, Inc.'s motion to dismiss is granted, and the complaint is severed and dismissed as against said defendant, and the clerk is directed to enter judgment accordingly; and it is further

ORDERED that as no other parties remain in the case, the clerk is directed to mark the matter as disposed.

20250625181301BDCOHENF4F2540D15F747209CDD5CD0DA0AA426

**6/25/2025**
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154268/2020   JUAREZ, HUGO SEBASTIAN vs. JEFFREY A. LEVITT, AS**
**Motion No.  004**

**Page 4 of 4**

4 of 4

[* 4]