■ JOYCE WALDRON, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered September 7, 1989, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $37,500.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed insofar as it is asserted against the defendant City of New York.

We agree with the defendant City of New York that the demarcation "CONS" on a map filed with it, did not provide it with notice of a defective sidewalk condition where the plaintiff fell. Accordingly, the plaintiff failed to establish compliance with the "Pothole Law" (Administrative Code of City of New York § 7-201 [c] [2]). Although a director of the Big Apple Pothole Corporation, who timely filed the map, testified that the "CONS" symbol meant that there were too many defective conditions as a result of construction to separately mark them with X's in accordance with the legend appended to the filed map, there was no showing that the City knew or should have known what the term "CONS", which was not included on the legend, meant.

Further, although prior written notice of a defective condition is not required where the City has created the unsafe condition (see, Kiernan v Thompson, 73 NY2d 840, 841-842; Parks v Hutchins, 162 AD2d 666, 668-669), the plaintiff is not entitled to a new trial on that issue because there was no evidence adduced to demonstrate that the City caused or created the condition in the first instance. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.