SYLVIA HUNTER, Respondent, v CITY OF NEW YORK et al., Appellants, and ATLANTIC DEMOLITION CORP., Respondent. [806 NYS2d 4]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 1, 2004, which denied the motion of the Biltmore defendants and the cross motion of the City of New York for summary judgment dismissing the complaint as against them, unanimously modified, on the law, the City's cross motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against defendant City of New York.

According to the complaint, plaintiff was injured when she

tripped and fell on a city sidewalk abutting property owned by defendant Biltmore 47 Associates LLC. Biltmore 47 retained defendant Atlantic Demolition to tear down certain structures on its property to make way for new construction performed by defendant Biltmore Construction Co. It is undisputed that a plywood construction fence erected at the site by defendant Atlantic encroached on the adjacent sidewalk, limiting the pedestrian passageway to a portion of the sidewalk abutting a subway grating.

The denial of summary judgment dismissing the action as against the Biltmore defendants was correct, since there are triable factual issues as to whether the sidewalk encroachment constituted a special use by them, and as to whether the encroachment proximately caused plaintiff's harm by directing her toward the alleged defect (*see Ryan v Gordon L. Hayes, Inc.*, 17 NY2d 765 [1966], *affg* 22 AD2d 985 [1964]; *Curtis v City of New York*, 179 AD2d 432 [1992], *lv denied* 80 NY2d 753 [1992]; *cf. Betances v 700 W. 176th St. Realty Corp.*, 250 AD2d 504 [1998]).

No triable issue of fact was raised, however, in response to the City's prima facie showing that it had not received notice of the defect. Contrary to plaintiff's contention, the Big Apple map shows no defect at the site of the alleged accident (*see Waldron v City of New York*, 175 AD2d 123 [1991]; *cf. Almadotter v City of New York*, 15 AD3d 426 [2005]; *Vasquez v City of New York*, 298 AD2d 187 [2002]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.