(May 2, 2006)

■ Winifred Coulton, Respondent, v City of New York et al., Defendants, and Transcorp Construction, Appellant. [815 NYS2d 497]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 7, 2005, which denied defendant Transcorp's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this negligence action against Transcorp, the City of New York and A&N Restoration Corp., plaintiff alleged that she had been walking on the sidewalk in front of 1315 Morrison Avenue in the Bronx and sustained injuries when she tripped and fell as a result of "broken, raised, defective and uneven sidewalk." At the time of the accident, Transcorp was engaged in renovating the house at 1315 Morrison Avenue as a general contractor for an agency of the City of New York. In connection with its work, Transcorp erected what it describes as a "plywood cover over the building," the effect of which was to narrow the width of the sidewalk.

Supreme Court denied Transcorp's motion for summary judgment dismissing the complaint insofar as asserted against it on three separate grounds. Specifically, Supreme Court concluded there were triable issues of fact (1) "as to the existence of Transcorp's duty to maintain or repair the sidewalk," (2) "as to whether Transcorp negligently failed to provide sufficient

[sidewalk] space for pedestrians," and (3) "as to whether Transcorp created or worsened the alleged dangerous condition on the sidewalk."

With respect to Transcorp's obligations under its contract with the City relating to the sidewalk, Transcorp's witness, Mohammed Aftab, testified at an examination before trial that Transcorp was required to replace the sidewalk only at the conclusion of the renovation project. Although a copy of the contract was not submitted on the motion, Aftab's testimony was not contradicted by plaintiff; nor was it disputed that Transcorp had not completed the renovation project at the time of the accident. Accordingly, the contract cannot support the existence of a duty on Transcorp's part to maintain or repair the sidewalk. Similarly, the submissions on the motion established that the relevant portion of the sidewalk was in a broken and irregular condition before Transcorp began working at 1315 Morrison Avenue. In opposition to this showing, plaintiff offered nothing but speculation in support of her contention that equipment and materials moved across the sidewalk by Transcorp may have exacerbated the breaks and irregularities of the sidewalk.

Supreme Court, however, properly denied Transcorp's motion on the second of the three grounds. Although Transcorp was not responsible for causing the breaks and irregularities in the sidewalk, it did have a duty not to create an unsafe condition when it narrowed the sidewalk by erecting the plywood cover around the building, and to that extent it may have increased the risk that pedestrians might trip on the broken and uneven portion of the sidewalk (*see Ryan v Gordon L. Hayes, Inc.*, 22 AD2d 985 [1964], *affd* 17 NY2d 765 [1966]; *Hunter v City of New York*, 23 AD3d 223 [2005]; *Morris v Nacmias*, 245 AD2d 432 [1997]). Triable issues of fact exist in this regard that preclude summary judgment dismissing this aspect of the complaint. Concur—Buckley, P.J., Tom, Sullivan, Nardelli and McGuire, JJ.