*13 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff commenced this action to recover $38,400 in damages due to defendant’s alleged failure to properly repair her 2002 Toyota RAV 4. Plaintiff took her vehicle to defendant in October 2003 for its 30,000 mile checkup, at which time the vehicle, which plaintiff had leased in February 2002, had 30,555 miles on it. The vehicle’s oil had last been changed in February 2003, at which time the vehicle had 14,000 miles on it. After checking plaintiffs vehicle, defendant’s representative told her that the brakes needed to be repaired. The record on appeal does not indicate whether defendant changed the oil or replaced the spark plugs as part of the checkup, and there is no indication in the documentary evidence that defendant informed plaintiff that her vehicle needed an oil flush. However, defendant’s own expert witness testified that, generally, an engine could seize if the oil was not changed. About 10 days later, in November 2003, the engine in plaintiffs vehicle seized on the New Jersey Turnpike, and the vehicle was towed to a Toyota dealership in Delaware where it was repaired. Plaintiff was charged $7,200 for labor and parts, plus $10 per day in storage fees. As of the date of trial, in November 2004, plaintiff had yet to retrieve her vehicle from the dealership in Delaware. The invoice from the Delaware shop indicated that the engine seized due to, inter alia, engine sludge buildup.
The court below noted in its written decision that the Delaware invoice “indicates that there were damaged threads on the #1 cylinder spark plug and there was ‘oil starvation and sludge on oil control rings.’ ” The court, therefore, concluded that said conditions would not have existed — and, thus, would not have caused the engine to seize — had defendant performed an oil change and spark plug replacement as part of the vehicle’s 30,000 mile checkup. We find that such a conclusion could have been reached under a fair interpretation of the evidence (see e.g. Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Perez v Garcia, 304 AD2d 544 [2003]) and, therefore, will not be disturbed on appeal.