■ ANGELA McKENZIE, Respondent-Appellant, v COLUMBUS CENTRE, LLC, et al., Respondents, and ATLANTIC-HEYDT CORPORATION, Appellant, et al., Defendant. [835 NYS2d 190]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 17, 2005, which granted the motion by defendants Columbus Centre, HRH Construction and Safeway Environmental for summary judgment dismissing the complaint as against them, and denied the cross motion for similar relief by defendant Atlantic-Heydt, unanimously modified, on the law, summary judgment also denied as to Columbus Centre, and otherwise affirmed, without costs.

Under the special use doctrine, Columbus Centre, as owner of the premises being demolished, owed a duty to plaintiff, a pedestrian who fell in a roadway depression under a sidewalk protective shed erected at the demolition site (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]). Columbus Centre derived a special benefit from being able to utilize part of the roadway for the sidewalk shed and scaffolding erected in connection with

the demolition of its building, and thus owed plaintiff a duty to provide a safe walkway under the shed (*see Curtis v City of New York*, 179 AD2d 432 [1992], *lv denied* 80 NY2d 753 [1992]). Given that there are questions of fact as to who decided the specific location of the shed, whether Columbus Centre breached its duty to provide a safe walkway, and whether the shed proximately caused plaintiff's injuries by directing her toward the alleged defect, summary judgment dismissing the action as against Columbus Centre was unwarranted (*see Hunter v City of New York*, 23 AD3d 223 [2005]).

Summary judgment was properly denied as to Atlantic-Heydt because there were triable issues of fact as to whether it created an unsafe condition by directing plaintiff toward the defect (*see Coulton v City of New York*, 29 AD3d 301 [2006]). We have considered plaintiff's remaining contentions and find them without merit. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.