■ FAYE ROIMESHER, Respondent, v COLGATE SCAFFOLDING & EQUIPMENT CORP., Appellant, and 770 LEXINGTON ASSOCIATES, L.L.C., Respondent, et al., Defendants. (And a Third-Party Action.) [908 NYS2d 649]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 5, 2010, which, to the extent appealed from, as limited by the briefs, denied defendant-appellant Colgate's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and Colgate's motion granted. The Clerk is directed to enter judgment accordingly.

On the morning of April 4, 2007, plaintiff tripped and fell on an uneven sidewalk located at 770 Lexington Avenue, New York, New York. Defendant 770 Lexington is the owner of the commercial building adjacent to the sidewalk where plaintiff fell. At the time of plaintiff's accident, defendant Colgate had erected a sidewalk bridge pursuant to an agreement with 770 Lexington.

Neither plaintiff's verified complaint nor her bill of particulars allege that Colgate's sidewalk bridge narrowed plaintiff's pathway, directing her towards the area of the defective sidewalk. During her sworn deposition, plaintiff testified that nothing blocked the sidewalk at the time of the accident and that she was looking straight ahead. She further stated that the area under the sidewalk bridge was lighted.

The motion court properly found that Colgate was not responsible for the condition of the sidewalk, but erred in denying Colgate's motion for summary judgment. Since the pleadings and discovery are bereft of any allegation that Colgate's sidewalk bridge directed plaintiff to the hazardous area (*see Betances v 700 W. 176th St. Realty Corp.*, 250 AD2d 504 [1998]; *cf. McKenzie v Columbus Ctr., LLC*, 40 AD3d 312 [2007]; *Coulton v City of New York*, 29 AD3d 301 [2006]; *Ryan v Gordon L. Hayes, Inc.*, 22 AD2d 985 [1964], *affd* 17 NY2d 765 [1966]), the only such record evidence is contained in plaintiff's expert's affidavit which, introduced to defeat summary judgment, contradicted plaintiff's sworn testimony and should have been disregarded (*see Caraballo v Kingsbridge Apt. Corp.*, 59 AD3d 270 [2009]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Further, it failed to cite to any statute, regulation, or industry standard, and consisted of conjecture and speculation, which is also insufficient to defeat a motion for summary judgment (*see Di Sanza v City of New York*, 11 NY3d 766 [2008]; *Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Matos v Challenger Equip. Corp.*, 50 AD3d 502 [2008]). Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.