■ Santiago Torres, Respondent, v Consolidated Edison Company of New York Inc. et al., Defendants, and The Hallen Construction Co., Inc., Appellant. [9 NYS3d 22]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 31, 2013, which, inter alia, denied the motion of defendant The Hallen Construction Co., Inc. for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Dismissal of the complaint and all cross claims as against Hallen is warranted in this action where plaintiff was injured when he tripped and fell over an uncovered gas valve in the sidewalk. Hallen submitted evidence showing that it did not perform work on the subject valve (see Amini v Arena Constr. Co., Inc., 110 AD3d 414 [1st Dept 2013]; Jones v Consolidated Edison Co. of N.Y., Inc., 95 AD3d 659, 660 [1st Dept 2012]). Although Hallen contracted with defendant Con Ed to install subterranean gas service with a sidewalk valve near the preexisting service and valve, the "as constructed" diagrams of Con Ed show that the work did not involve the valve over which plaintiff tripped. Thus, Hallen had no obligations as to the subject valve, including ensuring that it was covered. Nor is there any evidence that Hallen ever removed the subject valve's cover in connection with its work (see DeSilva v City of New York, 15 AD3d 252, 254 [1st Dept 2005]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.

■ The People of the State of New York, Respondent, v Freddie Keitt, Appellant. [5 NYS3d 873]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Charles Solomon, J.), rendered on or about July 9, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.