(July 26, 2017)

■ JOHN ABBOTT, as Administrator of the Estate of ERICA ABBOTT, Deceased, Respondent, v MONICA JOHNSON et al., Defendants, YBG CONSTRUCTION OF N.Y., LLC, et al., Appellants, and FOX UNITED, INC., Respondent. [61 NYS3d 34]—

In an action to recover damages for personal injuries and wrongful death, the defendants YBG Construction of N.Y., LLC, and Bushwick Realty II, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated September 30, 2015, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted those branches of the motion of the defendant Fox United, Inc., which were for summary judgment dismissing the complaint and their cross claims for common-law indemnification and contribution insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Fox United, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant Fox United, Inc.

The plaintiff's decedent (hereinafter the decedent) was riding her bicycle on Bushwick Avenue in Brooklyn when she encountered a construction barricade that had fallen over. The decedent attempted to turn her bicycle to avoid the construction barricade, but lost control of the bicycle and collided with a passing vehicle. The decedent died as a result of this accident.

The administrator of the decedent's estate commenced this action against various defendants, including the general contractor for the construction project, YBG Construction of N.Y., LLC, the owner of the property that was under construction, Bushwick Realty II, LLC, and a subcontractor, Fox United, Inc. (hereinafter Fox). YBG Construction of N.Y., LLC, and Bushwick Realty II, LLC (hereinafter together YBG/Bushwick), moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In support of their motion, they argued that they owed no duty of care to the decedent because the accident occurred in a parking lane of the roadway, and not on their property. They further contended that even if they owed a duty to the decedent, they could not be held liable because they did not create or have notice of the fallen construction barricade, and because

the accident was caused by the decedent's negligent operation of her bicycle, and not by the fallen construction barricade. Fox separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied YBG/Bushwick's motion and granted Fox's motion. YBG/Bushwick appeal.

The elements of negligence are "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Solomon v City of New York,* 66 NY2d 1026, 1027 [1985]). "The existence and scope of a duty of care is a question of law for the courts entailing the consideration of relevant policy factors" (*Church v Callanan Indus.,* 99 NY2d 104, 110-111 [2002]).

The Supreme Court properly denied that branch of YBG/Bushwick's motion which was for summary judgment dismissing the complaint insofar as asserted against them. The evidence submitted by YBG/Bushwick in support of their motion, which indicated that they had a permit to use a portion of the roadway in front of their premises to store construction material, failed to establish that they did not have a duty to maintain the parking lane where the accident occurred in a reasonably safe condition (*see McKenzie v Columbus Ctr., LLC,* 40 AD3d 312 [2007]). Their submissions further failed to eliminate all triable issues of fact as to whether they had constructive notice of the fallen construction barricade (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]), and whether the fallen construction barricade was a proximate cause of the accident (*see Cherrez v Gonzalez,* 94 AD3d 938, 940 [2012]). The failure of YBG/Bushwick to make a prima facie showing of their entitlement to judgment as a matter of law required denial of that branch of their motion, regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Contrary to YBG/Bushwick's contention, the Supreme Court providently exercised its discretion in entertaining Fox's motion for summary judgment, which was made approximately two weeks beyond the deadline set forth in the rules of the Supreme Court, Civil Term, Kings County (*see* Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6). Fox demonstrated good cause for its slight delay by explaining that the evidentiary basis for its motion for summary judgment was a judicial admission contained in YBG/Bushwick's motion for summary judgment, which had been filed on the day of the deadline (*see Smith v Nameth,* 25 AD3d 599, 600 [2006]; *Kunz v Gleeson,* 9 AD3d 480, 481 [2004]).

Furthermore, the Supreme Court properly granted that branch of Fox's motion which was for summary judgment dismissing YBG/Bushwick's cross claims for common-law indemnification and contribution insofar as asserted against it. Fox made a prima facie showing that it did not create the condition that allegedly caused the decedent's injury (*see Ortiz v I.B.K. Enters., Inc.*, 85 AD3d 1139, 1140 [2011]; *Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004, 1005 [2011]). In opposition, YBG/Bushwick failed to raise a triable issue of fact. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.