Young v Associated Blind Hous. Dev. Fund Corp. (2019 NY Slip Op 03443)





Young v Associated Blind Hous. Dev. Fund Corp.


2019 NY Slip Op 03443


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9199 23975/16E

[*1]Juanita Young, Plaintiff-Respondent,
v
The Associated Blind Housing Development Fund Corporation, et al., Defendants-Respondents, Procida Construction Corp., Defendant-Appellant.


Rivkin Radler LLP, Uniondale (J'Naia L. Boyd of counsel), for appellant.
Burns & Harris, New York (Jason S. Steinberg of counsel), for Juanita Young, respondent.
Manning & Kass, Ellrod, Ramirez, Trester LLP, New York (Marguerite L. Jonak of counsel), for the Associated Blind Housing Development Fund Corporation, Associated Blind Foundation, Inc., ARCO Management Corp. and Multifamily Management Services, respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered June 28, 2018, which denied the motion of defendant Procida Construction Corp. (Procida) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff seeks to recover for injuries sustained when she tripped and fell on an alleged sidewalk defect. Procida, which had been hired to perform renovation work on the abutting premises, established that it did not perform any work on the sidewalk prior to plaintiff's accident (see Torres v Consolidated Edison Co. of N.Y. Inc., 127 AD3d 656 [1st Dept 2015]; Amini v Arena Constr. Co., Inc., 110 AD3d 414 [1st Dept 2013]). Procida showed that it was only contracted to make repairs to the sidewalk after exterior scaffolding and a sidewalk shed were removed upon completion of the renovation project, and the evidence shows that at the time of plaintiff's accident, the scaffolding and shed were still in place (see Flores v City of New York, 29 AD3d 356 [1st Dept 2006]).
In opposition, neither plaintiff nor the other defendants raised a triable issue of fact as to whether the subject sidewalk was narrowed, forcing plaintiff to walk onto the defect. The representative of the premises' owner testified that the portion of the sidewalk where plaintiff fell was not narrowed, and plaintiff testified that she could not see the sidewalk where she was walking, due to a visual impairment and because a pizza box she was holding obstructed her view. The remaining record is bereft of evidence that the scaffolding and sidewalk shed diverted [*2]her toward the uneven sidewalk flag (see Roimesher v Colgate Scaffolding & Equip. Corp., 77 AD3d 425 [1st Dept 2010]; see also Betances v 700 W. 176th St. Realty Corp., 250 AD2d 504 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK