Foley v Chateau Rive Equities, LLC (2019 NY Slip Op 04088)





Foley v Chateau Rive Equities, LLC


2019 NY Slip Op 04088


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9417 152941/16

[*1]Toniann Foley, et al., Plaintiffs-Appellants,
v
Chateau Rive Equities, LLC, et al., Defendants-Respondents.


Goldblatt & Associates, P.C., Mohegan Lake (Kenneth B. Goldblatt of counsel), for appellants.
Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 10, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants demonstrated prima facie that there was no defective condition in the staircase "at or near Unit 403," which was the accident location that injured plaintiff Toniann Foley identified in her initial and amended bill of particulars and deposition testimony. Plaintiff also testified that there was no debris or wetness on the stairs and could not say what caused her to fall (see Peralta-Santos v 350 W. 49th St. Corp., 139 AD3d 536, 537 [1st Dept 2016]; Lee v Ana Dev. Corp., 110 AD3d 479 [1st Dept 2013]).
In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiff contends that the accident actually happened on a different staircase, identified in a second supplemental bill of particulars, where there was a worn defective step, purportedly shown in two photographs she identified at her deposition. However, her deposition testimony concerning the accident location was clear, and the close-up photographs of the steps are of no assistance. Plaintiff's belated attempt to change the location of her accident through her expert's affidavit and amended bill of particulars, is unavailing. Since her expert did not examine the location described in plaintiff's testimony and initial pleadings, his affidavit did not conflict with that of defendants' expert, and thus, failed to raise an issue of fact (see Roimesher v Colgate Scaffolding & Equip. Corp., 77 AD3d 425 [1st Dept 2010]; see also Sternberg v Rugova, 162 AD3d 456 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK