344 Rockaway Parkway Inv. Group, LLC v Estate of Nedia Colon (2023 NY Slip Op 04644)

344 Rockaway Parkway Inv. Group, LLC v Estate of Nedia Colon

2023 NY Slip Op 04644

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-07409
 (Index No. 700363/19)

[*1]344 Rockaway Parkway Investor Group, LLC, appellant, 
v
Estate of Nedia Colon, respondent.

Lehrman & Maseng, PLLC, Brooklyn, NY (Michael A. Lehrman of counsel), for appellant.
Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered August 26, 2020. The order, insofar as appealed from, after a hearing, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint and, in effect, for a determination that the subject contract of sale failed to comply with the Home Equity Theft Prevention Act and that the contract of sale must be rescinded.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 13, 2018, the plaintiff entered into a contract to purchase certain real property in Queens from Nedia Colon (hereinafter the decedent), who died on October 10, 2018. In January 2019, the plaintiff commenced this action, inter alia, for specific performance of the contract of sale against the decedent's estate (hereinafter the defendant). Thereafter, the defendant moved, among other things, pursuant to CPLR 3211(a)(1) to dismiss the complaint and, in effect, for a determination that the contract of sale failed to comply with the Home Equity Theft Prevention Act (see Real Property Law § 265-a; hereinafter HETPA) and that the contract of sale must be rescinded. In an order dated February 28, 2020, the Supreme Court directed a hearing as to whether the requirements of HETPA were applicable. After the hearing, in an order entered August 26, 2020, the court, inter alia, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint and, in effect, for a determination that the contract of sale failed to comply with HETPA and that the contract of sale must be rescinded. The plaintiff appeals.
Initially, to the extent the plaintiff contends that the Supreme Court improperly conducted a hearing to determine the applicability of HETPA, the plaintiff's contention is not properly before this Court because it is raised for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Lamarre, 211 AD3d 811, 814).
Under CPLR 3211(a)(1), dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88; [*2]Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874). Here, the documentary evidence conclusively established that the contract of sale failed to comply with HETPA (see Real Property Law § 265-a[3], [4][h]; [6], [8][a]).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint and, in effect, for a determination that the contract of sale failed to comply with HETPA and that the contract of sale must be rescinded.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court