| **Allen v Actors Equity Holding Corp.** |
|:---:|
| 2025 NY Slip Op 30091(U) |
| January 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157450/2016 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**                    PART                    **33M**

*Justice*

-----------------------------------------------------------------------X

BARBARA ALLEN,

INDEX NO.            157450/2016

Plaintiff,

MOTION DATE          08/06/2023

- v -

MOTION SEQ. NO.          006

ACTORS EQUITY HOLDING CORPORATION, 1560
BROADWAY COMPANY LLC,NEWMARK GRUBB KNIGHT
FRANK, 1552 BROADWAY RETAIL OWNER LLC,SL GREEN
REALTY CORP, T-MOBILE HOLDING GMBH, PLAZA
CONSTRUCTION, LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------X

ACTORS EQUITY HOLDING CORPORATION, 1560
BROADWAY COMPANY LLC, NEWMARK GRUBB KNIGHT
FRANK

Third-Party
Index No.  595490/2019

Plaintiff,

-against-

EMERALD CITY CONSTRUCTION, LLC

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 122, 123, 124, 125,
126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146,
147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167,
168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188,
190, 191, 192, 193, 194, 195
were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, and after oral argument, which took place on September

5, 2024, where Brian Hussey, Esq. appeared for Plaintiff Barbara Allen ("Plaintiff"), Nicholas J.

Kauffman, Esq. appeared for Defendant Plaza Construction ("Plaza"), Melissa Wolin, Esq.

appeared for Defendants SL Green Realty Corp. ("SL Green") and 1552 Broadway Retail Owner

LLC ("1552 Broadway") (collectively "1552 Broadway Defendants"), and Louis A. Carotenuto,

Esq. appeared for Defendants/Third-Party Plaintiffs Actors Equity Holding Corporation ("Actors Equity"), 1560 Broadway Company LLC ("1560 Broadway"), and Newmark Grubb Knight Frank ("Newmark") (collectively "Actors Equity Defendants"), Plaza's motion for summary judgment is denied. The 1552 Broadway Defendants' cross motion is granted in part and denied in part. The Actors Equity Defendants' cross motion is granted in part and denied in part.

## I.      Background

This is an action for personal injuries sustained by Plaintiff on November 16, 2013, when she allegedly fell near 1560 Broadway, New York, New York (the "Premises"). Defendant 1560 Broadway owned the Premises while Actors Equity was a tenant. Newmark was the property manager. 1552 Broadway owned the building adjacent to the Premises. At the time of Plaintiff's accident, there was a redevelopment project to merge the Premises with the building located at 1552 Broadway (the "Redevelopment Project"). Plaza was retained to serve as a construction manager. Plaintiff testified that she was walking in an area of the sidewalk in "single file" because there were construction objects blocking the walkway (NYSCEF Doc. 136 at 31). There was scaffolding directly above the area where she fell and there was construction equipment and barricades nearby (*id.* at 27-28). Plaintiff testified that her left foot struck on object on the sidewalk which caused her to fall (*id.* at 25). She later testified her foot hit a barrier (*id.* at 150).

Plaza now seeks summary judgment arguing that Plaintiff cannot identify the cause of her fall. Plaza further claims any defect existed prior to its involvement on the Premises. Further, Plaza argues it did not manage the sidewalk prior to the accident, nor was it contracted to repair the sidewalk. The Actors Equity Defendants cross-moved for leave to amend to assert common law indemnity and contribution against Plaza, for conditional summary judgment on these newly amended crossclaims, or alternatively dismissal of Plaintiff's Complaint. The 1552 Broadway

**157450/2016   ALLEN, BARBARA vs. ACTORS EQUITY HOLDING**
**Motion No.  006**

**Page 2 of 6**

2 of 6

Defendants cross move for identical relief, except they also seek leave to amend to assert a crossclaim for contractual indemnification against Plaza.

## II.    Discussion

## A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

## B. Plaza's Motion

Viewing the facts in the light most favorable to the non-movant, Plaza's motion for summary judgment is denied. Plaza's argument that Plaintiff could not identify the cause of her fall is without merit, as she clarified at her deposition that her foot hit a barrier on a sidewalk (NYSCEF Doc. 136 at 150; *see also Abraham v Dutch Broadway Associates LLC*, 192 AD3d 550 [1st Dept 2021]; *Kovach v PJA, LLC*, 128 AD3d 445 [1st Dept 2015]). To the extent Plaza argues Plaintiff's deposition testimony was inconsistent, credibility is an issue of fact for the jury (*Francis v New York City Transit Authority*, 295 AD2d 164 [1st Dept 2002]).

To the extent Plaza argues it was not involved with the sidewalk, this is without merit. It is undisputed that Plaza was serving as a construction manager in the area plaintiff fell. Moreover, there is conflicting expert testimony (*see* NYSCEF Doc. 160) as to whether Plaza caused defects

**157450/2016   ALLEN, BARBARA vs. ACTORS EQUITY HOLDING**
Motion No. 006

**Page 3 of 6**

[* 3]

in the sidewalk through construction equipment which precludes summary judgment (*Davison v Shubert Organization, Inc.*, 221 AD3d 450 [1st Dept 2023] *see also Gilmartin v City of New York*, 81 AD3d 411 [1st Dept 2011]). Plaza's argument that as a contractor it owed no duty to Plaintiff as a third-party is similarly without merit, as there is expert testimony opining that Plaza's placement of the scaffolding dangerously narrowed the sidewalk (*see, e.g. Coulton v City of New York*, 29 AD3d 301 [1st Dept 2006]).

Although Plaintiff failed to respond to Plaza's statement of material facts, she refuted them through the substance of her opposition. Given the presence of material issues of facts, this Court declines to grant Plaza summary judgment based on a minor technicality (*see also* CPLR 2001).

## C. Actors Equity Defendants' and 1552 Broadway Defendants' Cross Motions

Actors Equity Defendants' cross motion is granted in part and denied in part. The branch of these defendants' cross motion seeking leave to amend their answers to assert cross claims for common law indemnification and contribution against Defendant Plaza is granted. Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). Delay alone is insufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

Here, Plaza has failed to show it will be prejudiced by the amendments, which are routinely asserted in multi-defendant premises liability actions and should come as no surprise. Further, Plaza has all the discovery it needs to aptly defend against these crossclaims. Therefore, leave to amend is granted. However, it is premature to grant summary judgment on the crossclaims as there has been no finding of negligence against Plaza, which is an essential element to common law

**157450/2016 ALLEN, BARBARA vs. ACTORS EQUITY HOLDING**
Motion No. 006

**Page 4 of 6**

indemnification and contribution (*see Pena v Intergate Manhattan LLC*, 194 AD3d 576 [1st Dept 2021]).

As to the Actors' Equity Defendants' argument that Plaintiff's Complaint should be dismissed pursuant to 34 RCNY § 2-07(b), this Court disagrees. In their statement of undisputed material facts, these parties admit that 1560 Broadway was part of an ongoing major renovation project being carried out by Plaza (NYSCEF Doc. 157 at ¶ 20). Although the area around the grating may have been Con Edison's exclusive responsibility pursuant to 34 RCNY § 2-07(b), there is an issue of fact as to whether Plaza, as an agent of the Actors Equity Defendants, usurped Con Edison's statutory duty through the use of the sidewalk area to transport deliveries of construction materials, using it as a driveway for forklifts and dumpsters, and by erecting a sidewalk shed in the vicinity of the grating (*see, e.g. Pena v Rhodes 2 LLC*, 231 AD3d 651 [1st Dept 2024] citing *Boneventura v 60 West 57 Realty LLC*, 157 AD3d 502 [1st Dept 2018] [triable issue of fact as to whether parking garage operator's use of sidewalk as a driveway was a special use, and whether that special use caused defect in sidewalk precluded summary judgment]).

The 1552 Broadway Defendants' cross motion is granted in part and denied in part. For the same reason the Actors Equity Defendants were granted leave to amend, so too are the 1552 Broadway Defendants granted leave. However, just as in the other cross motion, granting summary judgment on the crossclaims would be premature (*see also Spielmann v 170 Broadway NYC LP*, 187 AD3d 492 [1st Dept 2020]). Further, for the reasons previously stated, the Court denies the 1552 Broadway Defendants' cross motion to dismiss Plaintiff's Complaint.

Accordingly, it is hereby,

ORDERED that Defendant Plaza Construction's motion for summary judgment dismissing Plaintiff's Complaint is denied; and it is further

**157450/2016   ALLEN, BARBARA vs. ACTORS EQUITY HOLDING**
**Motion No.  006**

Page 5 of 6

ORDERED that the Actors Equity Defendants' and 1552 Broadway Defendants' cross motions are granted in part and denied in part; and it is further

ORDERED that the Actors Equity Defendants' cross motion seeking leaving to amend their Answer is granted, and the proposed amended pleadings in the form annexed to the moving papers (NYSCEF Doc. 151) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the Actors Equity Defendants' cross motion is otherwise denied; and it is further

ORDERED that Defendants 1552 Broadway Defendants' cross motion seeking leave to amend their answer is granted, and the proposed amended pleadings in the form annexed to the moving papers (NYSCEF Doc. 159) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that 1552 Broadway Defendants' cross motion is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/10/2025 | | My V Rosado JSC |
| :---: | :---: | :---: |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| :--- | :--- | :--- | :--- | :--- | :--- | :--- | :--- |
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157450/2016  ALLEN, BARBARA vs. ACTORS EQUITY HOLDING**
**Motion No. 006**

Page 6 of 6

[* 6]