Galloway v Arthur Clinton Hous. Dev. Fund Corp. (2026 NY Slip Op 01455)

Galloway v Arthur Clinton Hous. Dev. Fund Corp.

2026 NY Slip Op 01455

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 817237/21|Appeal No. 6110|Case No. 2025-01741|

[*1]Trinica Galloway, Plaintiff-Respondent,
vArthur Clinton Housing Development Fund Corporation et al., Defendants-Respondents, Notias Construction, Inc., Defendant-Appellant, Advanced Construction Equipment Corp. et al., Defendants.

Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellant.
Law Offices of John P. Grill, PC, Carmel (John P. Grill of counsel), for Trinica Galloway, respondent.
Gallo Vitucci Klar LLP, New York (Chirag Satsangi of counsel), for Arthur Clinton Housing Development Fund Corporation and Belmont-Arthur Avenue Local Development Corporation, respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about March 7, 2025, which denied defendant Notias Construction, Inc.'s motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
This personal injury action stems from plaintiff's trip and fall on the sidewalk abutting 62 West Tremont Avenue in the Bronx. Defendant Arthur Clinton Housing Development Fund Corporation (together with defendant Belmont-Arthur Avenue Local Development Corporation, defendants) owned the property, and contracted with Notias to be the general contractor for work taking place there. In the course of the work, and at Notias's direction, a subcontractor installed a plywood barricade along a portion of the front of the property, reducing the amount of sidewalk available for pedestrians to use. Plaintiff's accident occurred when, as she was walking on the sidewalk in front of the property, her left foot was caught in a hole in the sidewalk, causing her to fall.
Contrary to Supreme Court's conclusion, Notias did not make special use of the sidewalk by directing one of its subcontractors to install the plywood barricade. Special use is an exception to the common-law rule that "an owner is ordinarily not liable for the repair and maintenance of a municipally-owned sidewalk abutting his property" (Prete v JJ Hoyt LLC, — AD3d &mdash, &mdash, 2026 NY Slip Op 00458, *1 [1st Dept 2026]; see Kaufman v Silver, 90 NY2d 204, 207 [1997]). Here, however, defendants own the sidewalk abutting the property (Administrative Code of City of NY § 7-210), and Notias had the plywood barricade installed as part of the work it was contracted by them to perform. Thus, the special use doctrine does not apply in this case.
Nor are there any issues of fact as to whether Notias may be liable to plaintiff because it entirely displaced defendants' duty to maintain the property — more specifically, the abutting sidewalk — safely (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Defendants' contract with Notias obligated Notias to keep the sidewalk clean and safe. The contract was not so " 'comprehensive and exclusive' " (id.) that Notias "entirely absorb[ed]" defendants' "duty as a landowner to maintain the premises safely" (id. at 141) and granted Notias " 'complete and unfettered authority' " over maintenance of the premises (Clark v Kaplan, 47 AD3d 462, 462-463 [1st Dept 2008], lv denied 11 NY3d 701 [2008]; see e.g. Healy v 169 E. 69th St. Corp., 189 AD3d 680, 681 [1st Dept 2020]).
However, issues of fact do remain as to whether Notias may be liable to plaintiff for directing the construction of the plywood barricade, thereby reducing the amount of sidewalk usable by pedestrians and, thus, launching a force or instrument of harm (see Espinal, 98 NY2d at 140; Church v Callanan Indus., 99 NY2d 104, 112 [2002]). Although Notias did not cause or create the hole in the sidewalk involved in plaintiff's accident, "it did have a duty not to create an unsafe condition when it narrowed the sidewalk by erecting the plywood" barricade in front of the property, "and to that extent it may have increased the risk that pedestrians might trip on the broken . . . portion of the sidewalk" (Coulton v City of New York, 29 AD3d 301, 302 [1st Dept 2006]).
Because Notias failed to establish its freedom from negligence, it also was properly denied summary judgment dismissing defendants' cross-claims against it (see generally Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646-647 [1988]; Cooper v Bldg 7th St. LLC, 231 AD3d 533, 534 [1st Dept 2024]; Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).
We have considered Notias's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026