Rock v Plaza Motors, Inc.
2026 NY Slip Op 50798(U)
May 15, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Courts—Small Claims--Substantial Justice--Service of Vehicle

Thomas Rock, Respondent,
v
Plaza Motors, Inc., Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 15, 2026
2025-874 K C
Present: : Wavny Toussaint, P.J., Marina Cora Mundy, Joanne D. Quiñones, JJ

Sean R. Smith, for appellant.
Thomas Rock, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered May 6, 2019. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.
[*1]
ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000, the monetary jurisdictional limit of the Small Claims Part of the Civil Court at the time, for defendant's alleged failure to properly service his vehicle. At a nonjury trial, plaintiff testified that he purchased a new 2017 Honda Accord Hybrid from defendant in March 2017, and only serviced his vehicle at defendant's dealership. He brought the vehicle to the dealership for an oil change when the mileage was approximately 4,000 miles. He stated that the service advisor did not change the oil at that time, and informed plaintiff that his dashboard reflected that his oil level was at 70%, and that he should return when the oil level was at 15%. Plaintiff claimed that he relied on the service advisor's directions, and presented records documenting that defendant performed an oil change on his vehicle on June 28, 2017 when the mileage was 9,240 miles, and subsequently when the mileage was just over 20,000 miles. Further, he submitted records that defendant serviced his brakes in October 2017 when the vehicle had 23,208 miles, but did not perform an oil change at that time. He advised that his engine seized after 29,000 miles, and submitted a paid bill dated January 11, 2018 establishing that defendant had replaced his engine for $6,261, and a service record for this transaction, which stated that the engine failed due to "improper maintenance." Defendant's witness, an employee of the dealership, testified that it was plaintiff's fault that the engine had failed because he did not bring the vehicle to the dealership for an oil change every 3,000 to 4,000 miles. Following the trial, the Civil Court (Michael Gerstein, J.) entered judgment on May 6, 2019 awarding plaintiff the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony of witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Contrary to defendant's contention, there was sufficient evidence in the record supporting the Civil Court's conclusion that defendant was negligent in servicing plaintiff's vehicle, and that this negligence was a proximate cause of the engine failure, even though plaintiff did not call an expert witness to testify on his behalf (see Matott v Ward, 48 NY2d 455, 459 [1979]; Abbott v Johnson, 152 AD3d 730, 732 [2017]; Albarran v Bay Ridge Automotive Group, 13 Misc 3d 12, 13 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2006]). Expert testimony was unnecessary in light of defendant's witness's admissions, when considered in conjunction with plaintiff's testimony and defendant's service records (see Reed v McCord, 160 NY 330, 341 [1899]; Amann v Edmonds, 306 AD2d 362, 363 [2003]; Albarran v Bay Ridge Automotive Group, 13 Misc 3d at 13). As the judgment is supported by a fair interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]), and is based, in part, on the Civil Court's implicit credibility determinations (see Kincade v Kincade, 178 AD2d at 511), it rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 15, 2026